E-FILED
Friday, 25 June, 2010  09:49:21 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION NO 1, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SENICA COOLING & HEATING LLC, SENICA HEATING & AIR CONDITIONING INC, *an Illinois corporation*, and DARYL R SENICA, | ) ) ) ) ) |
| Defendants. | ) |

Case No.   10-cv-1040

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default (Doc. 4), which also requests default judgment against Defendants, and Magistrate Judge Cudmore's Report & Recommendation ("R&R") (Doc. 6) recommending that the Motion for Default be denied and that Plaintiff be allowed an extension of time in which to serve Defendants.  For the reasons stated below, the R&R is adopted, the Motion for Default is denied, and Plaintiffs are allowed an additional 28 days in which to perfect service on Defendants.

In his R&R, Magistrate Judge Cudmore found that none of the Defendants had been properly served.  As noted by Judge Cudmore, all three summons were personally served on Elizabeth Senica, whom Plaintiff stated was the "agent/wife" of Defendants.  However, Judge Cudmore found no indication in the record that Ms. Senica is indeed an agent of any of the Defendants as required by Federal Rule of

Civil Procedure 4(e)(2) and 4(h)(1)(B), and so service has not been perfected upon Defendants. As there had never been proper service, default and default judgment are therefore improper.[1]

In the R&R, Magistrate Judge Cudmore warned the parties that any objection to it was due within fourteen days of service, and that failure to object would constitute a waiver of objections; no party has objected by the deadline of June 21, 2010. *See* 28 U.S.C. § 636(b)(1); *see also Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Indeed, on June 9, 2010, the clerk's office issued alias summons to Plaintiff for each of the Defendants, indicating that Plaintiff intends to attempt proper service. (Doc. 7). As there have been no objections, the Court hereby adopts the R&R.

---

[1]    The Court also notes a distinction between default and default judgment that Plaintiff appears to have overlooked. As the Seventh Circuit Court of Appeals has made clear, "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also* FED. R. CIV. P. 55(a)-(b). Although this Court, in its own research, has not located any decision by our Court of Appeals clarifying the exact procedure by which a default judgment is obtained, one district court in our Circuit has explained the process as follows:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Will-Burn Recording & Publ'g Co. v. Universal Music Group Records*, 2009 WL 211082 (S.D. Ala. Jan. 26, 2009) (collecting published district court decisions which indicate that entry of default and entry of default judgment are two separate steps that should not be combined into one step). As the district judge noted in *Will-Burn*, "The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment." 2009 WL 211082, at *1 (*citing Virgin Records Am., Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006)).

2

IT IS THEREFORE ORDERED that Magistrate Judge Cudmore's Report & Recommendation (Doc. 6) is ADOPTED, Plaintiff's Motion for Default (Doc. 4) is DENIED, and Plaintiffs are ALLOWED an additional 28 days in which to perfect service on Defendants.

Entered this <u>24th</u> day of June, 2010.

                                                s/ Joe B. McDade
                                              JOE BILLY McDADE
                                     United States Senior District Judge