## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION NO. 1, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.   10-cv-1040<br>)<br>) |
| SENICA COOLING & HEATING, LLC, SENICA HEATING & AIR CONDITIONING, INC., an Illinois corporation, and DARYL R. SENICA, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## O R D E R  &  O P I N I O N

This matter is before the court on Plaintiff's Motion for Entry of Default Judgment.  (Doc. 15).  Responses to this Motion were due on August 2, 2010; none were filed.  For the reasons stated below, Plaintiff's Motion for Default Judgment is GRANTED.

### DISCUSSION[1]

Plaintiff is a duly constituted labor organization with its principal place of business in Peoria, Illinois.  Plaintiff and Senica Heating & Air Conditioning, Inc. ("Senica Heating & Air Conditioning") entered into labor contract dated June 1,

---

[1] Unless otherwise noted, all factual information is drawn from Plaintiff's Complaint (Doc. 1).  Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a Complaint are taken as true.  *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  FED. R. CIV. PRO. 8(b)(6).  Default was entered in this matter on July 12, 2010. Therefore, the allegations of the Complaint are deemed to be true.

2008 through a written assignment of bargaining rights by Defendant to Illinois Valley Sheet Metal Contractors Association, dated April 14, 2005. Senica Cooling & Heating, LLC ("Senica Cooling & Heating") is a successor employer to Senica Heating & Air Conditioning. Daryl R. Senica is the individual who manages and controls the affairs of both Senica Heating & Air Conditioning and Senica Cooling & Heating and, per the terms of the collective bargaining agreement, is individually responsible for the failure of those entities to comply with the terms of their agreements.

The collective bargaining agreement between the parties included a specific grievance procedure whereby unresolved disputes between the parties would be submitted to a local joint adjustment board ("LJAB") comprised of equal representatives from the Union and the Contractors Association. Pursuant to this agreement, a dispute between the parties was submitted to the LJAB on July 20, 2009. On the same day, the LJAB issued a unanimous decision that the Defendants violated their agreement with the Plaintiffs, and that Daryl L. Senica and Senica Heating & Air Conditioning also violated the Integrity Clause of the Addenda to the agreement.

Based upon these findings, the LJAB declared that Daryl L. Senica and Senica Heating & Air Conditioning were jointly liable to pay $38,075.20 to Sheet Metal Local Union No. 1 North Joint Apprenticeship and Training Fund on behalf of the hours for one man from 2/17/09 through 6/30/09 for Senica Heating & Air Conditioning; $38,075.20 to Sheet Metal Local Union No. 1 North Joint Apprenticeship and Training Fund on behalf of the hours for one man from 2/17/09

through 6/30/09 for Senica Cooling & Heating; and $67,000 to Sheet Metal Workers' International Association Local Union No. 1 for liquidated damages arising out of the Integrity Clause violation. All of these payments were due by September 1, 2009. In the event the payments were not made on time, the LJAB referred to Article X, Section 6 of the contractual agreement, which provided that in the event of non-compliance the parties could enforce the award in a proper court, and the party seeking to enforce the award would be entitled to attorney's fees and costs if it prevailed in such litigation.

Defendants did not comply with the decision of the LJAB. Accordingly, on February 18, 2010, Plaintiff brought suit in this Court. Although Defendants have been properly served, they have failed to appear before this Court.[2] On July 12, 2010, this Court entered an order of default against Defendants for their failure to answer in a timely manner. (Doc. 14). Subsequently, on July 14, 2010, Plaintiff filed the instant motion for entry of Default Judgment. (Doc. 15).

In the instant Motion, Plaintiff seeks judgment in the sum of $76,150.40 for amounts due to the Sheet Metal Local Union No. 1 North Apprenticeship Training Fund and in the sum of $67,000.00 for amounts due to Sheet Metal Workers International Association Local Union No. 1. (Doc. 15 at 2). In addition, Plaintiff seeks attorneys' fees incurred in this case in the amount of $1,532.00. (Doc. 15 at 2).

---

[2] Although Plaintiff's original motion for default judgment was denied because service was not proper, (Doc. 8), since that time Plaintiff has properly served notice on the Defendants.

3

"A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  Here, Plaintiff's damages are based upon the findings of the LJAB as set out in its decision of July 20, 2009. (Doc. 1 Exhb. 1).  Further, its request for attorneys' fees is based upon the Affadavit of David W. Stuckel which states that he spent five hours working on this matter at a rate of $185.00 per hour and advanced $607.00 in costs. (Doc. 12 Exhb. 1).  Because the amounts claimed are ascertainable from definite figures contained in documentary evidence, it is not necessary for the Court to hold an evidentiary hearing.[3]

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment is GRANTED.  The Clerk is DIRECTED to ENTER JUDGMENT in favor of Plaintiff and against Defendants in the amount of $76,150.40 for amounts due to the Sheet Metal Local Union No. 1 North Apprenticeship and Training Fund; in the amount of $67,000.00 for amounts due to Sheet Metal Workers International Association Local Union No. 1; and in the amount of $1,532.00 for Plaintiff's attorneys' fees and costs incurred in the prosecution of this case.  IT IS SO ORDERED.

CASE TERMINATED.

---

[3] Further, Plaintiffs have sought the same amount of damages since the filing of their Complaint. (See Doc. 1).  Thus, Defendants have had adequate notice of the amount of damages sought and have failed to object to or dispute the arbitration award in any way.

Entered this <u>14th</u> day of September, 2010.

                                                                     s/ Joe B. McDade
                                                                      JOE BILLY McDADE
                                      United States Senior District Judge